IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**ERNEST R. GIBSON, JR.,**
**# 281824,**

    **Plaintiff,**

vs.                                     Case No.  4:20cv363-AW-MAF

**LAUNDRY SUPERVISOR HARPER,**

    **Defendant.**
_____/

## REPORT AND RECOMMENDATION

    The pro se Plaintiff has submitted a civil rights complaint, ECF No. 1, pursuant to 42 U.S.C. § 1983, and a motion requesting leave to proceed in forma pauperis, ECF No. 2.  Ruling on that motion is deferred as it does not properly provide information on Plaintiff's inmate bank account for the full six month period of time preceding the filing of this case.  Plaintiff's motion omits information for the months of February 2020 through April 2020.

    Moreover, a cursory review has been made of Plaintiff's complaint, ECF No. 1, which reveals that Plaintiff is incarcerated at Tomoka

Correctional Institution which is located in Daytona Beach, Florida.  ECF No. 1 at 12.  The only named Defendant is located there, *see* ECF No. 1 at 2, and the incident about which Plaintiff complains must have taken place there as well.  *Id.* at 5.  Tomoka Correctional Institution is located within the territorial jurisdiction of the Middle District of Florida.

The venue statute provides that a civil action may be brought in "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located" or in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ."  28 U.S.C. § 1391(b)(1),(2).  Plaintiff's complaint has been filed in the wrong district because all the events occurred in Columbia County.  Venue is appropriate in the Middle District of Florida because the Defendant is there and Plaintiff's claim arose there.  The proper forum for this action pursuant to 28 U.S.C. § 89(b) and § 1391(b) is in the United States District Court for the Middle District of Florida, Jacksonville Division.

When a case is filed in the wrong division or district, the venue statute provides that the district court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."  28 U.S.C. § 1406(a).  A court may raise the issue of

Case No. 4:20cv363-AW-MAF

defective venue sua sponte, but should not dismiss an improperly filed case for lack of venue without giving the parties an opportunity to respond. Kapordelis v. Danzig, 387 F. App'x 905, 906 (11th Cir. 2010); Lipofsky v. New York State Workers Comp. Bd., 861 F.2d 1257, 1259 (11th Cir. 1988). Justice is better served by transferring this case to the appropriate forum rather than dismissing it. There is no need for a hearing prior to directing transfer.

## RECOMMENDATION

In light of the foregoing, and pursuant to 28 U.S.C. §§ 1406(a), it is respectfully **RECOMMENDED** that this case be transferred to the United States District Court for the Middle District of Florida, Jacksonville Division, for all further proceedings.

**IN CHAMBERS** at Tallahassee, Florida, on July 29, 2020.

        S/    Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

Case No. 4:20cv363-AW-MAF

## **NOTICE TO THE PARTIES**

      **Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**